UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SANDERS,

        Plaintiff,

v.                                       Case No. 3:22-cv-668-BJD-PDB

MARK INCH, et al.,

        Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system, is proceeding on a second amended complaint for the violation of civil rights (Doc. 26) against twelve Defendants, including William Bennett, Assistant Warden of Florida State Prison (FSP). Plaintiff alleges Defendant Tyre, a corrections officer, has a vendetta against him because Plaintiff sued Tyre's wife who is also a corrections officer at FSP. According to Plaintiff, Tyre directly or indirectly harassed and abused him in 2021, and Defendant Bennett failed to protect him.

Before the Court is Plaintiff's emergency motion for a temporary restraining order (TRO) against Defendant Bennett (Doc. 61; Pl. Mot.). Plaintiff claims Bennett has been harassing, humiliating, and abusing him

since he filed his complaint. *See* Pl. Mot. ¶ 3. As examples of the offensive conduct, Plaintiff says Defendant Bennett ordered that he wear a spit shield every time he is removed from his cell and "use[d] his position to keep Plaintiff on CM1 even though Plaintiff was recommended to be down[-]graded to CM2." *Id.* ¶¶ 3-4. Plaintiff provides a corrections document titled Report of Close Management (CM) dated May 2, 2023 (Doc. 61-1), which recommends that he be considered for CM2 based on his "improved adjustment."

Plaintiff contends the decision by Bennett and others to retain him on CM1 despite the recommendation has caused him to starve himself and have suicidal thoughts. *Id.* ¶ 7.[1] He says he has not eaten since April 5, 2023. *Id.* He requests the Court to enter a TRO that would "ensure [he] is given protection, and to stop the mental, [] emotional, [and] psychological abuse and humiliation." *Id.* ¶ 9.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[2] *Wreal, LLC v. Amazon.com, Inc.*,

---

[1] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filing (Doc. 61) and the Court's Amended Standing Order (Doc. 62) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter

2

840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden of persuasion. Accepting as true that Defendant Bennett retaliated against him for filing a lawsuit, such conduct

---

requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

necessarily occurred after the events giving rise to Plaintiff's claims, which, at this juncture, are supported only by allegations, not evidence. In other words, Plaintiff fails to demonstrate a likelihood of success on the merits of his claims and seeks relief unrelated to the issues in the suit.

Moreover, district courts generally will refrain from interfering in matters of prison administration, such as custody status. Finally, an order directing Defendant Bennett to refrain from violating Plaintiff's constitutional rights or to "obey the law," *see* Pl. Mot. at 5, would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure").

If Plaintiff believes he has a plausible retaliation claim against Defendant Bennett, he may pursue such a claim by initiating a new civil rights action after exhausting his administrative remedies.

Notwithstanding that Plaintiff is not entitled to injunctive relief, the Court is bothered by Plaintiff's allegations that he has not eaten in over a month and feels suicidal because of his extended placement in CM1 status. It appears Plaintiff has been held in CM1 status since 2008. *See* Doc. 61-1. Accordingly, the Court will direct Warden Davis, who is a Defendant in this case, to file a notice advising of Plaintiff's mental and physical condition.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion (Doc. 61) is **DENIED**.

2. Within **seven days** of the date of this Order, **Warden Davis** must file a notice advising of Plaintiff's mental and physical condition as related to the allegations in his motion and efforts by prison staff to address any mental or physical health needs.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of May 2023.

					BRIAN J. DAVIS
					United States District Judge

Jax-6
c:
Christopher Sanders
Counsel of Record