UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SANDERS,

       Plaintiff,

v.                                        Case No. 3:22-cv-668-BJD-PDB

C. TYRE, et al.,

       Defendants.
_____

## **ORDER**

Plaintiff, an inmate of the Florida penal system, is proceeding on a second amended complaint for the violation of civil rights (Doc. 26) against twelve Defendants based on conduct that occurred at Florida State Prison (FSP) in 2021. Before the Court are Plaintiff's emergency filings seeking entry of a temporary restraining order (TRO) (Docs. 105, 107). Plaintiff contends staff at Charlotte Correctional Institution (CCI) and Lake Correctional Institution (LCI) have retaliated against him recently (between October 2023 and the present) for filing lawsuits.[1] *See* Doc. 105 at 1; Doc. 107 at 1. According to Plaintiff, the retaliatory conduct consists of the following: prison transfers;

---

[1] Plaintiff has initiated multiple cases in this Court over the years.

"an organized attack";[2] denial of adequate or proper medical and mental health treatment; denial or confiscation of law books; and refusal of a tablet or kiosk. *See generally id.* Plaintiff claims that, apparently because of events at CCI, he has been hearing voices telling him to harm himself.[3] *See* Doc. 105 at 3; Doc. 107 at 3-4. He asks the Court to enter a TRO directing CCI and its medical department to provide him medical care for stomach issues, to give him law books and other property, and to cease retaliating against him. *See* Doc. 107 at 4. He further asks that he be placed in a stabilization treatment unit to get the mental health care he needs. *See* Doc. 105 at 4.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[4] *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163,

---

[2] Plaintiff asserts officers at LCI attacked him "on behalf of Warden Bennett[,] a defendant in the above case." *See* Doc. 105 at 1.

[3] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filings (Docs. 105, 107) and the Court's Amended Standing Order (Doc. 106) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

[4] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff has not filed a memorandum of law supporting his requests, *see* M.D. Fla. R. 3.01(a), 6.01(a), 6.02(a)(1), nor does he otherwise address the four prerequisites that would show injunctive relief is appropriate, *see Schiavo*, 403 F.3d at 1225-26. Even more, however, Plaintiff seeks relief related to "matter[s] lying wholly outside the issues in [this] suit," *see Kaimowitz*, 122 F.3d at 43, despite his general, conclusory assertions that staff have retaliated

against him for filing this or other lawsuits, *see* Doc. 105 at 1; Doc. 107 at 2, 3. Indeed, in his filings, Plaintiff does not address at all the underlying claims he raises in his operative complaint. *See generally* Docs. 105, 107.

Additionally, an order directing prison officials to refrain from violating Plaintiff's constitutional rights would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). If Plaintiff believes corrections officials at CCI or LCI have violated his constitutional rights, he should seek appropriate relief by filing grievances or initiating a new civil rights action after exhausting his administrative remedies.

Accordingly, Plaintiff's motions (Docs. 105, 107) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of January 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Christopher Sanders
Counsel of Record

4