UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SANDERS,

           Plaintiff,

v.                                                          Case No. 3:22-cv-668-BJD-PDB

C. TYRE, et al.,

           Defendants.
_____

## AMENDED ORDER[1]

### I. Status

This cause is before the Court on Defendants Tyre and Aikin's Motion for Summary Judgment (Doc. 192; Def. Mot.), which the Court directed them to file under Rule 56(f)(3) to fully develop the evidentiary record on Plaintiff's retaliation claims. *See* Order (Doc. 189). Plaintiff opposes the Motion (Doc. 196; Pl. Resp.), and Defendants have filed a Reply (Doc. 200; Def. Reply). Thus, the Motion is ripe for the Court's review.

### II. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Amended only to correct the direction to the Clerk in paragraph two of the decretal regarding entering judgment.

matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

When the moving party has discharged its burden, the non-moving party must point to evidence in the record to demonstrate a genuine dispute of material fact. *Id.* Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing [the motion]." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## III. Discussion

In its prior summary judgment Order, the Court summarized Plaintiff's allegations and incorporates the relevant portions of that Order here. *See* Order (Doc. 189) at 4–5, 51–54. Plaintiff's retaliation claims against Defendants Tyre and Aikin mostly relate to the use-of-force incidents on June 29, 2021, and October 14, 2021. Defendants argue that Plaintiff's claims are conclusory or belied by the evidence. *See* Def. Mot. at 8–10. In support, they provide multiple exhibits (Docs. 192-1 to 192-12; Def. Exs. A–L). In opposition to the Motion, Plaintiff contends the record demonstrates a genuine issue of material fact exists because his allegations contradict Defendants'. *See* Pl. Resp. at 9. For instance, he claims both Defendants, motivated to retaliate against him for filing lawsuits, lied about his behavior to justify using force on two occasions. *Id.* at 3–4.

A successful retaliation claim requires a plaintiff to demonstrate (1) he engaged in "constitutionally protected" speech, (2) he "suffered adverse action" because of that speech, and (3) a causal connection between the speech and the adverse action. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011). The "adverse action" element hinges on whether the "allegedly retaliatory conduct would likely deter a person of ordinary firmness" from exercising his First Amendment speech rights. *Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007).[2] "[A] plaintiff need not show that his own exercise of First Amendment rights have been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights." *Id.*

The "causation" element requires a showing that "the defendants were subjectively motivated to discipline" the plaintiff because of the protected activity. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008). The "motive" inquiry is subject to a "burden-shifting framework." *Williams v. Radford*, 64 F.4th 1185, 1193 (11th Cir. 2023) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). Under that framework, the plaintiff first

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

"must show that his constitutionally-protected speech was a 'motivating factor' in [the defendant's] decisions to carry out the adverse actions." *Id*. The burden then shifts to the defendant, who "must show that he would have implemented those adverse actions irrespective of [the plaintiff's] complaints." *Id*. If the defendant carries his burden, he is entitled to summary judgment. *Id*.

When an inmate's retaliation claim is based on an alleged false disciplinary report, he cannot establish the requisite causal connection if he was "found guilty of the actual behavior underlying [the] charge after being afforded adequate due process." *O'Bryant*, 637 F.3d at 1215. *See also Williams*, 64 F.4th at 1195 ("Under our precedent, if an inmate is 'found guilty of an actual disciplinary infraction after being afforded due process,' and 'there was evidence to support the disciplinary panel's fact finding,' he cannot assert a retaliation claim.").

**A. Defendant Aikin**

As summarized in the Court's prior Order, Plaintiff alleges in his operative complaint (Doc. 26) that Defendant Aikin fabricated a reason to have him removed from his cell on October 14, 2021, because Aikin allegedly "had been wanting to gas [Plaintiff] because of the lawsuit [Plaintiff] had filed." *See* Order (Doc. 189) at 51. It appears the "fabrication" was that Defendant Aikin "lied" about him having had a medical condition to justify using a cell

extraction team rather than chemical agents on October 14, 2021. *See* Pl. Resp. at 4, 8.

The Court already concluded the evidence demonstrated Defendant Aikin had not lied about Plaintiff's medical condition on October 14, 2021. *See* Order (Doc. 189) at 33–34. Indeed, in a medical record Plaintiff himself offered in opposition to the original motions for summary judgment, a medical provider noted that chemical agents could not be used on Plaintiff because he had asthma. *Id.* at 33. Regardless, Plaintiff was not sprayed with chemical agents, breaking any causal connection between the threatened adverse action and Plaintiff's speech.

Thus, there is no genuine issue of material fact on the retaliation claim against Defendant Aikin, and Defendant Aikin therefore is entitled to summary judgment.

**B. Defendant Tyre**

Plaintiff complains Defendant Tyre did the following in retaliation for filing a lawsuit against Tyre's wife: refused Plaintiff a medical callout, lied about Plaintiff causing a disturbance to have him sprayed with chemical agents, and threw away his personal property on June 29, 2021; refused another medical callout and wrote a false disciplinary report on September 15, 2021; took food off his trays and wrote a false disciplinary report, which

6

resulted in property restriction, on October 4, 2021; and lied about Plaintiff refusing a cell search, leading to a reactionary use of force, on October 14, 2021. *Id.* at 53 (summarizing complaint allegations); *see also* Pl. Resp. at 3–4, 7–8.

Plaintiff brought a civil rights action against Tyre's wife on April 16, 2019. *See* Case No. 3:19-cv-430-MMH-JBT. That case remained pending until it was resolved by settlement in early 2022. *See id.* (Doc. 140). In his complaint in this case (against Defendant Tyre), Plaintiff alleges that he was returned to Florida State Prison, where Defendant Tyre worked, on April 5, 2021, while the action against Tyre's wife was still "open," and two months later, on June 28, 2021, Defendant Tyre allegedly "threaten[ed him] with retaliations [sic] for the lawsuit [Plaintiff] had on Lisa Tyre." *See* Doc. 26 at 6. The next day, the first use-of-force incident that is the basis of Plaintiff's complaint occurred, as summarized in the Court's prior summary judgment Order. *See* Order (Doc. 189) at 25–27.

      i.    **June 29, 2021 Conduct**

Plaintiff alleges he had a medical callout scheduled for June 29, 2021, before the use-of-force incident, and when Plaintiff asked Defendant Tyre about it, Tyre "got mad" and told Plaintiff to "stop causing a disturbance." *See* Doc. 26 at 7. According to Plaintiff, Defendant Tyre lied about him causing a disturbance to set him up to be sprayed. *Id.* at 7–10. Plaintiff further alleges

7

that just before other officers sprayed him with chemical agents, Tyre told him, "You thought you were gonna fu*k with my family and nothing was gonna happen." *See id.* at 6, 9. Finally, Plaintiff alleges Defendant Tyre "gave half his personal property to the white orderly and threw the rest of [his] property away." *Id.* at 10.

### a. Use of Chemical Agents

The Court previously concluded Defendants submitted evidence showing officers in addition to Defendant Tyre determined that Plaintiff was causing a disturbance, and "Plaintiff's uncorroborated allegation" to the contrary was insufficient to overcome summary judgment. *See* Order (Doc. 189) at 27–28. But because Defendants had not directly addressed Plaintiff's retaliation claims in their initial motion for summary judgment, the Court afforded Plaintiff an opportunity to address that claim and present evidence in support of his conclusory allegations. *See id.* at 53–54. He has not done so. Instead, he relies solely on his complaint allegations.

As previously analyzed at length, Defendants have demonstrated the reactionary use of force was justified because Plaintiff was deemed to have been causing a disturbance, as attested to by officers other than Defendant Tyre, who were not subjectively motivated to discipline Plaintiff because of his lawsuit against Tyre's wife. *Id.* at 27–28. Because other officers ratified the

finding that Plaintiff was causing a disturbance, and a higher-ranking non-Defendant officer authorized the use of chemical agents, there is no causal connection between Defendant Tyre's alleged conduct and Plaintiff's speech. *See id.* Thus, Defendant Tyre is entitled to summary judgment on this portion of Plaintiff's retaliation claim.

### b. Medical Callout

To the extent Plaintiff alleges that Defendant Tyre denied him a medical callout to bait him into causing a disturbance to set him up to be sprayed with chemical agents, his claim fails for the reason already discussed: other officers were involved in the decision to discipline Plaintiff for causing a disturbance on June 29, 2021. To the extent the claim is independent of the decision to use reactionary force, it fails because there is no evidence permitting the reasonable inference that Defendant Tyre's alleged conduct would deter a person of ordinary firmness from engaging in protected speech. Specifically, Plaintiff does not allege or provide evidence showing that he indeed had a callout scheduled, what it was for, or that he had not shown up for a scheduled appointment.

There also is no causal connection between any alleged retaliatory motive by Defendant Tyre and Plaintiff allegedly missing a medical callout because, as Plaintiff himself alleges, another officer—who was not a named

Defendant in this action—told Plaintiff that his medical callout would be rescheduled when Defendant Tyre reported that Plaintiff was causing a disturbance, and that decision was ratified by other non-Defendant officers, as discussed. *See* Doc. 26 at 7–8. Thus, Defendant Tyre is entitled to summary judgment on this portion of Plaintiff's retaliation claim.

### c. Destruction of Personal Property

Plaintiff's allegation that Defendant Tyre destroyed his personal property presents a closer call. The Eleventh Circuit has held, "The search of an inmate's cell and the destruction of his possessions and materials can support a First Amendment retaliation claim." *Williams*, 64 F.4th 1192–93. Defendants offer copies of grievances Plaintiff submitted after the incident in which he complained that much of his personal property was destroyed, and he believed Defendant Tyre threw it away. *See* Def. Ex. D at 2–4. In those grievances, Plaintiff itemized the discarded property, which included legal papers, his father's obituary, family photos, electronics, clothing, food, hygiene products, books, and writing materials. *Id.* at 3. According to grievance responses, Plaintiff's personal items were "replaced" except for items he could obtain from family or other sources, such as his father's obituary, family photos, and his legal work. *Id.* at 1, 3; *see also* Def. Ex. E at 1. Plaintiff wrote

in grievances that he refused the replacement property because it "did not amount to what [he] was missing." *See* Def. Ex. D at 2; Def. Ex. E at 1.

Accepting that Defendant Tyre destroyed, gave away, or threw out Plaintiff's personal property, Plaintiff's contention that Defendant Tyre was motivated to do so because of a lawsuit is speculative. For instance, in his Response to Defendants' Motion, Plaintiff offers an alternative motivation for Defendant Tyre's conduct, saying Tyre threw away his personal property in retaliation for "the lawsuit [he] filed against [Tyre's] wife *and/or* for Plaintiff spitting in [Tyre's] face [on June 29, 2021]." *See* Pl. Resp. at 6 (emphasis added). Notably, although Plaintiff is not required to disclose a retaliatory motive in a grievance, he did not mention in any of the grievances he filed about the June 29, 2021 property destruction that Defendant Tyre engaged in such conduct because of the lawsuit against Tyre's wife. *See* Def. Ex. D at 2–3. To the extent Defendant Tyre threw away Plaintiff's property because Plaintiff spit in his face, Plaintiff was not engaged in protected activity.

To the extent Defendant Tyre indeed was motivated by Plaintiff's lawsuit, under the circumstances the Court concludes the complained-of conduct would not "chill a person of ordinary firmness from exercising his First Amendment rights." *See Pittman*, 213 F. App'x at 870. The injury element is an objective one, but the Eleventh Circuit, in unpublished decisions, has

11

intimated that the plaintiff's subsequent unimpeded speech activity is relevant to the inquiry. *See Mitchell v. Thompson*, 564 F. App'x 452, 457 (11th Cir. 2014) (noting that the inmate "continued to file grievances against [the offending prison official] . . . illustrat[ing] that a person of ordinary firmness would likely not be deterred from engaging in such speech"); *Lovette v. Paul*, 442 F. App'x 436, 437 (11th Cir. 2011) (holding the jury did not err in concluding the plaintiff did not prove the injury element of his retaliation claim because the plaintiff "admitted that [the] alleged retaliatory [conduct] did not deter him from filing further grievances").

After the June 29, 2021 incident, Plaintiff continued engaging in protected speech by complaining about the conditions of his confinement through lawsuits and grievances. Between 2022 and 2024, Plaintiff sought relief from this Court on four occasions (five, including this action) related to the conditions of his confinement. *See* Case Nos. 3:22-cv-496-MMH-MCR (complaining about alleged abuse by officers in April 2022, under circumstances markedly similar to those he describes in this case); 3:23-cv-947-MMH-MCR (complaining about officers denying him meals and mental health callouts, allegedly in retaliation for having filed this action (against Defendant Tyre and others)); 3:23-cv-1017-MMH-MCR (complaining about a refusal of mental health treatment, allegedly in retaliation for having filed this action);

12

3:24-cv-353-BJD-PDB (complaining about discrimination by mental health providers, allegedly in retaliation for having filed this action). Additionally, after the June 29, 2021 incident, Plaintiff filed numerous grievances. *See* Def. Ex. D at 2–4; Def. Ex E at 1; *see also* Doc. 174-1 at 5–6, 8–9, 13, 15, 21, 23.

Given the property Defendant Tyre allegedly threw away was replaceable, and for the most part was replaced even if Plaintiff refused to accept it; Plaintiff continued filing lawsuits and grievances; and Plaintiff's proclivity for claiming any unsatisfactory conditions of his confinement are the result of retaliation, the Court concludes that the alleged retaliatory act of throwing away Plaintiff's property would not have deterred a person of ordinary firmness from engaging in protected speech. *See, e.g.*, *Pate v. Peel*, 256 F. Supp. 2d 1326, 1337 (N.D. Fla. 2003) ("[C]ourts should approach prisoner claims of retaliation 'with skepticism and particular care' due to the 'near inevitability' that prisoners will take exception with the decisions of prison officials and 'the ease with which claims of retaliation may be fabricated.'"). Thus, Defendant Tyre is entitled to summary judgment on the claim for the destruction of property.

### ii. Conduct in September and October

Plaintiff alleges Defendant Tyre retaliated against him again on September 15, 2021, October 4, 2021, and October 14, 2021, by denying him a

medical callout, writing false disciplinary reports, taking food off his trays, and lying about him refusing an order to submit to a cell search. *See* Doc. 26 at 11–14. Unlike the June conduct, however, Plaintiff does not allege Defendant Tyre told him he was harassing him because of Plaintiff's lawsuit against Tyre's wife. *See id.* To the extent Plaintiff asks the Court to infer a causal connection between Defendant Tyre's conduct and his protected speech based solely on the comments Defendant Tyre allegedly made in June 2021, his claim fails. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("[I]n the absence of other evidence tending to show causation, if there is a substantial delay [up to three months] between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.").

Irrespective of a lack of temporal connection between Defendant Tyre's June threat and his conduct in September and October, Plaintiff's allegations are conclusory or belied by the evidence. With respect to the medical callout on September 15, 2021, Plaintiff provides no facts that would permit the reasonable inference Defendant Tyre's alleged conduct would deter a person of reasonable firmness from engaging in protected speech. For instance, he does not say what the medical callout was for or the circumstances surrounding the encounter with Defendant Tyre. *See* Doc. 26 at 11. With respect to the denial of a few meals on random, unspecified days, again there is no evidence of an

14

injury. Additionally, Defendants provide records undermining Plaintiff's contention that any meals he had not received were the result of Defendant Tyre's conduct. The records show that Plaintiff declared hunger strikes or refused meals on the days he claims Defendant Tyre denied him food. *See* Def. Ex. G, H, I (sick-call request, grievance, and prison log regarding the September 15, 2021 allegations); Def. Ex. L (refusal of health care form, sick-call requests, and hunger strike protocol form documenting Plaintiff's reported hunger strikes between October 4, 2021, and November 5, 2021).

Notably, in some of his sick-call requests and in a grievance in which he reported hunger strikes, Plaintiff attributed Defendant Tyre's conduct to racial bias, saying that Defendant Tyre "ha[d] a history of playing in black inmates [sic] food and property." *See* Def. Ex. G at 1; Def. Ex. H at 1; *see also* Def. Ex. L at 7. Plaintiff also suggested Defendant Tyre was retaliating against him for spitting in his face on June 29, 2021. *See* Def. Ex. H at 1; *see also* Def. Ex. F at 7 (Plaintiff's statement in response to the September 15, 2021 disciplinary report in which he claimed Defendant Tyre was retaliating against him for spitting in his face).

With respect to the alleged false disciplinary reports, Plaintiff's retaliation claim fails because Defendants demonstrate that Plaintiff was adjudicated guilty of the respective charges. *See* Def. Ex. F at 1–3 (records

15

showing Plaintiff was charged with disobeying an order on September 15, 2021, and was adjudicated guilty after he was provided notice of the charge and pled no contest at the hearing);[3] Def. Ex. J at 1–2 (records showing Plaintiff was charged with disobeying an order on October 4, 2021, and was adjudicated guilty after he was provided notice of the charge but refused to appear for the hearing).[4]

Finally, with respect to the allegation that Defendant Tyre lied about Plaintiff's conduct on October 14, 2021, leading to a planned use of force, there is no causal connection between the alleged retaliatory motive by Defendant Tyre and the incident. As with the June 29, 2021 use of force, other officers independently determined Plaintiff was disobeying orders, and, as discussed in the Court's prior Order, the cell extraction team ultimately was not needed because Plaintiff voluntarily exited his cell. *See* Order (Doc. 189) at 33. Moreover, Defendant Tyre was not a member of the cell extraction team, and

---

[3] Additionally, in his complaint, Plaintiff alleges Defendant Woods, not Defendant Tyre, ordered the disciplinary report on September 15, 2021. *See* Doc. 26 at 11.

[4] Plaintiff claims he never received notice of the October 4, 2021 charges, *see* Pl. Resp. at 4, but the relevant disciplinary records show that Plaintiff "was given the opportunity to be present at the disciplinary hearing [but] . . . voluntarily refused," *see* Def. Ex. J at 1, 2. Plaintiff refused to sign the form, but an independent prison official-witness—not Defendant Tyre—signed the form. *See id.* at 2. Plaintiff offers no evidence plausibly disputing Defendants' evidence showing he refused to appear at the hearing.

the force used against Plaintiff after he exited his cell was reactionary to his own combative behavior. *See id.* at 31, 34.

For the reasons stated, it is now

**ORDERED:**

1.  Defendants Tyre and Aikins' Motion for Summary Judgment (Doc. 192) is **GRANTED**.

2.  The **Clerk** is directed to enter an amended judgment in favor of Defendants as stated in this Order and the Court's Order docketed on May 15, 2025 (Doc. 189), terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August 2025.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Christopher Sanders
Counsel of Record